NARDIELLO LAW PLLC
Jason S. Nardiello
101 Avenue of the Americas
9th Floor
New York, New York 10013
(212) 899-5299
jason@nardiello.law

*Attorneys for Plaintiff, APV Trade Solution Ltd.*

| | |
|---|---|
| **APV TRADE SOLUTION, LTD. d/b/a DESIRE DELUXE,** § § § | |
| Plaintiff, § § | |
| v. § § | **Case No. 1:22-cv-232-PKC** |
| **HUTTON TOYS, LLC, a New York limited liability company,** § § § | **SECOND AMENDED COMPLAINT** |
| Defendants. § § § § | |

Plaintiff APV Trade Solution, Ltd. d/b/a Desire Deluxe ("APV" or "Plaintiff"), for its complaint against Hutton Toys, LLC, ("Hutton" or "Defendant") states and alleges as follows:

## I.     INTRODUCTION

This action arises out of Defendants Hutton Avenue, LLC's anticompetitive scheme, which has been ongoing for years, to eliminate its competition in the crowded and competitive market for magnetic tile toys. APV and Hutton are competitors in the magnetic tile toy market. Both parties sell their products extensively on Amazon.com.

Hutton has a documented history of using its spurious copyright registration for magnetic tile toys to issue "takedown" notices on Amazon that result in the delisting of competitors' similar goods. Its copyright registration for these toys is invalid because it claims functional features of the magnetic tiles and in addition, the work that forms the basis of the copyright

registration does not contain a sufficient degree of authorship upon which a copyright registration can be based.

The removal of APV's Amazon.com listings has resulted in a tremendous loss of sales and goodwill in addition to certain special damages including inventory storage-related losses that have occurred because of these actions. Hutton's conduct and efforts in attempting to and in fact stifling its competition in the magnetic tile toy market constitute unfair competition and tortious behavior.

## II.    PARTIES

1. APV is a foreign limited company organized under the laws of the United Kingdom with its principal place of business located at Unit 7, Castleacres Industrial Park, Sittingbourne, Kent ME103RZ, United Kingdom. APV sells magnetic tile toys, which are sold nationwide via Amazon.com.

2. On information and belief, Defendant Hutton Toys, LLC is a New York limited liability company and may be served under New York law at 207 West 25th Street, New York, New York 10001.

## III.    JURISDICTION AND VENUE

3. This action arises under the copyright laws of the United States 17 U.S.C. Ch. 1 – 13; the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202; and New York common law. This Court has original diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a). APV is a citizen of the United Kingdom with a principal place of business in the United Kingdom and Defendant Hutton is a citizen of New York. The amount in controversy exceeds $75,000, exclusive of costs and interest.

4. This Court has personal jurisdiction over Defendant as it conducts business in the Southern District of New York, is a citizen of New York, or is otherwise subject to jurisdiction under New York law.

5. Venue is proper in this Judicial District under 28 U.S.C. §1391(b) and (c)(2). Defendants market their products in this District, the alleged acts have occurred or are occurring in this District, and Defendant is subject to personal jurisdiction in this District.

## IV. FACTUAL BACKGROUND

### An Extremely Competitive Market and Bad Faith Conduct

6. The toy industry in general, and the magnetic tile toy market specifically, is extraordinarily competitive. During the Christmas season, the ability to sell products is so essential that a company can either succeed or perish by its performance during this season alone. This fact is not lost on Defendant.

7. Hutton is but one of many competitors in this large field. However, upon information and belief, because of the extraordinary competition, Defendant has gone far beyond what the law permits to fairly compete in the marketplace. In fact, its actions appear to be carefully calculated to squelch fair and appropriate competition in the marketplace, which harms both consumers and competitors.

8. Upon information and belief, Hutton and its predecessor in interest, 18th Avenue Toys, Ltd. (hereinafter, "18th Avenue") are no strangers to litigation arising out of competing in the market and using various "intellectual property" to gain a foothold in the marketplace. At some point, at least as early as 2017, but likely much earlier based on a design patent application and other information, 18th Avenue realized it could gain an economic and competitive advantage by obtaining a U.S. copyright registration for the configuration of certain magnetic tile toys which appear in U.S. Copyright Reg. No. VA 1-998-106.

9. Upon information provided by Defendant's counsel, 18th Avenue, along with Yaacov Schwartz assigned the '106 copyright registration to Hutton effective January 2, 2019.

10. Over time, Hutton and 18th Avenue have used that registration as leverage against competitors to either shut them down completely or to extract illegitimate license fees from them. Often, Hutton's competitors are small business entities that do not have the resources to fight the infringement allegations.

11. Ironically, Hutton and 18th Avenue have been named as defendants in several copyright and trade dress infringement matters related to the magnetic tile toys. These include a 2014 suit brought by Valtech, LLC for infringement of Valtech, LLC's long-sold MAGNA-TILES products. Attached as "Exhibit 1" is a true copy of the Complaint in *Valtech, LLC v. 18th Avenue Toys, Ltd.* United States District Court, Northern District of Illinois, Docket no. 1:14-cv-00134.

12. Then, in 2016, Laltitude, LLC filed suit in the Central District of California against the 18th Avenue Toys, Ltd. and Yaacov Schwartz for declaratory judgment, unfair business practices, trade libel, and intentional interference related to Defendants' enforcement actions of the same copyright registration involved in this matter Attached as "Exhibit 2" is the complaint filed in *Laltitude, LLC v. 18th Avenue Toys, Ltd. and Yaacov Schwartz*, Docket no. 2:16-cv-06562.

13. Following the Laltitude case, another competitor sued Hutton and 18th Avenue in 2020 in the Eastern District of New York in *MMS Trading Company PTY LTD. v. Hutton Toys, LLC, 18th Avenue Toys Ltd. and Yaacov Schwartz*, Docket No. 1:20-cv-01360-MKB-SJB, for again, the same scheme of squelching competition using its spurious copyright registration.

14. On March 29, 2021, Judge Margo K. Brodie in *MMS Trading* denied Hutton Toys, LLC's motion to dismiss MMS Trading's complaint for invalidity and non-infringement of the same copyright registration (VA 1-998-106) that is the subject of the instant matter.

15. Apart from allegations of copyright infringement, competitors have alleged claims of unfair business practices, intentional interference, and trade libel in connection with the magnetic

tile toys. As stated above, and most importantly, 18th Avenue's copyright registration, VA-1-998-106 has also been challenged. *Id.*

### The anti-competitive use of 18th Avenue's Copyright Registration

16. Prior to the events complaint of herein, APV sold magnetic tile toys on Amazon.com to customers in the United States.

17. On or about November 22, 2021 APV's magnetic tile toy product, under ASIN B07MGYKZ36, was delisted by Amazon.com following a DMCA complaint made by 18th Avenue and/or Hutton Toys, LLC or Yaakov Schwartz which alleged infringement of its registered copyrighted work, VA 1-998-106 ("Shape Mags").

18. Amazon.com notified Plaintiff that it had taken down its magnetic tile toys from the marketplace because of an alleged infringement of the Shape Mags copyright registration.

19. Amazon.com did not list the owner of the copyright registration but identified the complainant as the law firm of Aronberg Goldgehn Davis & Garmisa as the entity making the DMCA complaint.

20. Plaintiff has subsequently learned that the Aronberg Goldgehn firm is counsel to Hutton.

21. When Plaintiff searched the online U.S. Copyright Office records for copyright registration, it learned that registration VA 1-998-106 was registered in the name of 18th Avenue Toys, Ltd.

22. VA 1-998-106 was registered on March 30, 2016, listing the claimant as "18th Avenue Toys, Ltd. Address: 5504 18th Avenue, Brooklyn, NY, 11204, United States." The registration also identifies the authorship on the work as 18th Avenue Toys, Ltd., and employer for hire.

23. Attached as "Exhibit 3" is a true copy of the U.S. Copyright Office's website printout for the registration page for VA 1-998-106 ("Shape Mags"), which was printed on January 14, 2021.

24. Upon information and belief, the '106 copyright assignment from 18th Avenue and Schwartz to Hutton has not been recorded with the U.S. Copyright Office.

25. On December 23, 2021, the undersigned wrote to Aronberg Goldgehn Davis & Garmisa stating that Plaintiff believes that they represent 18th Avenue and requested that they retract the DMCA complaint which resulted in the takedown of Plaintiff's products. The letter also stated that it believed the Shape Mags copyright registration is invalid and, in any event, Plaintiff's products do not infringe the copyright.

26. Four days later on December 27, 2021, counsel at the Aronberg Goldgehn firm, Ms. Kristina D. Diesner, Esq., wrote to the undersigned, confirming receipt of the letter. She wrote that they performed an in-depth review and retracted the Amazon complaint. Counsel did not represent that they took action on behalf of Hutton, not 18th Avenue or Schwartz.

27. Despite the alleged retraction, Plaintiff's products were not re-listed until more than two weeks later. By that time, the damage was done, and Plaintiff missed the opportunity to sell in the profitable days leading up to Christmas.

28. Furthermore, on January 4, 2022, the undersigned again wrote to Ms. Diesner stating that the listing had still not been reposted and requested the immediate retraction of the letter in addition to the payment of a sum to settle to compensate Plaintiff for its ongoing losses.

29. Despite the January 4th letter, there was no response, and Defendant's counsel did not clarify that when they filed their copyright complaint with Amazon, they were acting on behalf of Hutton, not 18th Avenue or Schwartz.

30. On January 11, 2022, Plaintiff filed its Original Complaint, which named 18th Avenue and Schwartz as defendants.

31. The next day, counsel for Hutton finally wrote to the undersigned and provided an "Assignment of Patent and Copyright" purportedly assigning the Shape Mags VA 1-998-106 copyright registration from 18th Avenue Toys, Ltd. to Hutton Toys, LLC.

32. Upon information and belief, 18th Avenue Toys, Ltd. may be selling its products as a licensee of the Shape Mags VA-1-998-106 copyright registration.

33. Under 17 U.S.C. § 501(a)-(b), copyright licensees and beneficial owners are entitled to bring an action for copyright infringement.

34. The "Shape Mags" copyright registration is also a subject of the aforementioned 2014, 2016, and 2020 federal court litigations.

35. Despite Hutton's knowledge that it did not have rights in the works in "Shape Mags" VA 1-998-106, or that the works were unenforceable, it nonetheless issued the DMCA notice to Amazon.

36. Hutton's copyright enforcement attempts were performed in bad faith.

37. As with other competitors, Hutton knew that APV would sustain significant financial harm due to filing the baseless DMCA complaint, especially because it was filed during the 2021 Christmas season.

38. The magnetic tile toy industry is crowded with competitors who sell their products online. Most of these competitors can peacefully coexist without concern of intellectual property infringement (whether copyright, patent, or trade dress) because, in general, the shapes of the tiles are common geographic shapes, which are functional and ornamental. The law is clear that functional or ornamental product designs or shapes are unenforceable, and the world is free to make products in such shapes.

39. In addition, to the extent Hutton's products have any copyrightable subject matter or authorship (and they do not), the products are completely different, except for the fact that they comprise typical geometric shapes: squares, rectangles, and triangles.

40. In fact, many companies sell magnetic tiles toys in these common shapes as is shown by the products sold by the plaintiffs in the *Valtech* and *Laltitude* cases above:



| Valtech tiles | Laltitude tiles |

41.     APV's products are similar to Valtech's and Laltitude's tiles in that they too are common geometric-shaped magnet tiles.

42.     Hutton's "Shape Mags" tiles are also somewhat similar to APVs tiles, in that they are magnetic tiles made in common geographic shapes. However, to the extent there are any copyrightable elements in Hutton's tiles (and there are none), APV did not copy any such elements and furthermore, APV's products are not substantially similar to Hutton's tiles sufficient to amount to copyright infringement:

*Second Amended Complaint - Case no. 1:22-cv-232-PKC*                                                                         8



| APV's tiles | Hutton's (18th Avenue's) copyright registration VA 1-998-106 |

43. Magnetic toy designs are similar because most of the design features are purely functional. That is, the tile corners are rounded to avoid sharp edges that could injure children. The interior part of the shapes contains a lattice in some for that provides structural integrity. The edges of the interior lattice include pockets to hold the magnets that help bind different tiles together. The tiles contain rivets to fasten the two halves of the tiles together. The tiles are manufactured through plastic injection molding which causes solid points to form on the tiles that correspond to the injection site.

44. Copyright protection is only available for "original works of authorship" (17 U.S.C. § 102) and excludes "useful articles" that do not have "pictorial, graphic, or sculptural features" that "can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article" (17 U.S.C. § 101). Copyright registration VA 1-998-196 however claims only functional features of the magnetic tiles and is therefore invalid. APV alleges upon information and belief that Hutton was aware of the crowded nature of the magnetic tile toy market and that it was not the original creator of the functional features claimed in VA 1-

998-106 including the rounded corners, internal lattice, and pockets for magnets. Despite knowing this, Hutton has persisted for years in attempting to enforce its so-called "rights" in designs that it knew were not novel or ornamental to stifle competition seeking copyright protection. It has continued this course of illegal conduct by having APV's products taken down by Amazon.com.

45. As a result of the baseless DMCA complaint and Amazon.com's subsequent delisting, APV has been unable to sell its magnetic tile toys on the platform and has sustained significant financial losses.

46. In addition to direct financial losses, it has lost an extraordinary degree of goodwill with the purchasing public as competitors (including Hutton) have filled the void by APV's absence.

47. Furthermore, APV's unsold inventory is a financial loss and is itself a cause of additional financial harm as APV has sustained and will continue to sustain various fees and costs related to the warehousing of the unsold goods.

48. In addition to lost revenue and profits, APV has sustained certain special damages, including, but not limited to, warehousing fees incurred because of the inability to sell the product that was the subject of Hutton's copyright complaint, lost marketing dollars that were spent to pay for advertising of Plaintiff's tile toy products, and other incidental and consequential damages.

49. Hutton's anticompetitive use of VA 1998-106 has disrupted APV's relationship with its distributors and resellers.

**FIRST CAUSE OF ACTION**

**(Deceptive Acts and Practices violation (N.Y. Gen. Bus. Law § 349))**

50. APV repeats and incorporates herein by reference the allegations of paragraphs 1-49 above as if set forth herein in full.

51. As alleged above, Defendant engaged in wrongful and deceptive acts and conduct

including, but not limited to demanding that Amazon.com takedown APV's product listings for its magnetic tile toys based on alleged infringement of copyright registration no. VA 1-998-106 even though it knew the registration was invalid and, in any event, not infringed.

52. Defendants engaged in consumer-oriented conduct because the improper and illegal takedown of products from the Amazon.com marketplace denies consumers the right to purchase competing goods.

53. Defendants' conduct was materially misleading because they knew the VA 1-998-106 registration was invalid and unenforceable and, in any event, that APV's products do not infringe the copyright registration.

54. APV suffered direct, secondary, incidental, and consequential damages as a result of the Defendants' deceptive acts and practices.

55. Through these acts, the Defendants have engaged in both unfair and fraudulent business acts or practices.

## SECOND CAUSE OF ACTION
### (Trade Libel)

56. APV repeats and incorporates herein by reference the allegations of paragraphs 1-55 above as if set forth herein in full.

57. Through the DMCA takedown request Hutton sent to Amazon.com, Hutton published untrue statements of fact, including statements that APV's magnetic tiles infringed its copyrights and that it had the right to demand that Amazon.com remove APV's product listings.

58. Hutton's statements were false in that, among other things, (a) Hutton did not have enforceable copyrights in VA 1-998-106; and (b) APV's magnetic tiles did not and do not infringe any alleged copyright rights in VA 1-998-106.

59. Hutton knew its statements were false or were made with reckless disregard for the truth since it knew they were not the original authors of creators of the alleged authorship claimed in VA 1-998-106, as evidenced by several infringement claims brought against them

regarding the very products they herein alleged were infringed upon, as well as the fact that many similar magnetic tiles toys predate Hutton's products and its copyright registration.

60. Hutton's statements were not mere statements of opinion.

61. As a direct and proximate result of Hutton's wrongful acts and bad faith conduct, APV has suffered and will continue to suffer general damages, including lost profits in an amount greater than $75,000.

62. Upon information and belief, Hutton has engaged in the conduct alleged herein with a conscious and intentional disregard of APV's rights, and with an intent to harass, injury or annoy, such as to constitute oppression, fraud, or malice, thereby entitling APV to punitive damages in an amount appropriate to punish or make an example of Hutton.

## THIRD CAUSE OF ACTION

**(Intentional Interference with Prospective Economic Advantage)**

63. APV repeats and incorporates herein by reference the allegations of paragraphs 1-62 above as if set forth here in full.

64. At all times relevant hereto, APV had existing relationships with existing and potential customers, all of which had and have a substantial probability of resulting in economic benefit to APV. Hutton was aware of these relationships, and of the probably economic advantage those relationships bestow on APV.

65. As alleged above, Hutton engaged in wrongful acts and conduct including, but not limited to, demanding that Amazon take down product listings for APV's magnetic tile toys based on alleged infringement of copyright VA 1-998-106 even though it knew that the registration was invalid and, in any event, not infringed upon.

66. Hutton's wrongful acts and conduct include, but are not limited to, demanding that Amazon.com takedown product listings for APV's magnetic tile toys based on alleged infringement of copyright VA 1-998-106, even though it knew that the registration was invalid

and, in any event, not infringed upon.

67. Hutton's wrongful acts were intended to interfere and did interfere with such relationships, thereby causing APV to lose the economic advantages to which it was entitled. It is extremely likely that these relationships would have resulted in significant economic advantage to APV had Hutton not improperly interfered with them.

68. Upon information and belief, Hutton has engaged in the conduct alleged herein with a conscious disregard for the rights of APV, and with an intent to harass, injure or annoy, such as to constitute oppression, fraud, or malice.

## FOURTH CAUSE OF ACTION

### (Intentional Tortious Interference With Contract)

69. APV repeats and incorporates herein by reference the allegations of paragraphs 1-68 above as if set forth herein in full.

70. APV, at all relevant times, had existing contractual relations with Amazon.com, distributors, and resellers, as well as existing and potential customers, all of which had and have a substantial probability of resulting in economic benefit to APV, whereby it would derive economic benefit from selling magnetic toy tiles in exchange for payment.

71. At all relevant times, Hutton knew of the contractual relationships existing between APV, Amazon.com, and APV's distributors and resellers and knew of APV's reasonable expectation of profit based upon such contractual relationships.

72. Hutton intentionally procured Amazon.com's beach of that contract without justification by demanding that Amazon.com takedown APV's product listing for its products, based upon an alleged infringement of copyright VA 1-998-106 even though it knew the copyright was neither valid nor infringed upon.

73. Hutton's intentional acts in procuring Amazon.com's breach of its contract with APV caused APV to lose economic advantages to which it was entitled, and which would have

resulted in future economic advantages to APV had Hutton not intentionally interfered.

74. Through its DMCA takedown notice to Amazon, Hutton made false and misleading statements of copyright infringement with the intent to interfere with APV's contractual relationships with Amazon.com, and APV's distributors and resellers. This conduct has interfered and continues to interfere, with the sales and marketing of the distributors and resellers of APV's magnetic tile toys, thereby causing APV serious economic harm.

75. Hutton, as alleged above, engaged in intentional, wrongful acts and conduct including, but not limited to, demanding that Amazon.com takedown APV's product listings for its magnetic tile toys based on alleged infringement of copyright registration no. VA 1-998-106 despite its knowledge that the registration was invalid and not infringed.

76. As a direct result of Hutton's wrongful acts and conduct, APV has suffered and will continue to suffer general and special damages, including left profits in an amount greater than $75,000.

77. Upon information and belief, Hutton has engaged in the conduct alleged herein with a conscious disregard for APV's rights, and with an intent to harass, injure or annoy, such as to constitute oppression, fraud, or malice.

## PRAYER FOR RELIEF

WHEREFORE, MaxRelief prays for judgment as follows:

1. For costs of suit incurred herein;
2. For an award representing the disgorgement of the amount of ill-gotten gains through Defendant's unjust business practices;
3. For money damages to compensate APV for the harm Defendant caused through its trade libel, including lost profits;
4. For money damages to compensate APV for the harm Defendant caused through its intentional interference with contract, including lost profits;
5. For money damages to compensate APV for the harm Defendant caused through its intentional interference with prospective economic advantages, including lost profits;

6. For an Order that Defendant withdraw any Amazon.com takedown request regarding APV and its product, to the extent not already done;

7. A preliminary and permanent injunction preventing Defendant from making any future copyright, trademark, or other intellectual property takedown request or complaint with Amazon.com with respect to APV;

8. For an award of treble damages as permitted under N.Y. Gen. Bus. Law § 349;

9. For punitive damages in an amount appropriate to punish or make an example of Defendant;

10. For an award of attorney's fees;

11. For an award of prejudgment and post-judgment interest, as authorized by law; and

12. All other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, APV demands a jury on all issues triable of right by a jury.

Dated:   February 8, 2022                            Respectfully submitted,
         New York, New York

                                                     /s/ Jason S. Nardiello
                                                         Jason S. Nardiello

                                                     NARDIELLO LAW PLLC
                                                     101 Avenue of the Americas
                                                     9th Floor
                                                     New York, New York 10013
                                                     (212) 899-5299
                                                     *jason@nardiello.law*

                                                     *Attorneys for Plaintiff,*
                                                     *APV Trade Solution Inc.*